## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANDRE WASHINGTON,** )<br>)<br>          **Plaintiff,** )<br>)<br>vs. )<br>)<br>**CORRECTION CORPORATION** )<br>**OF AMERICA, et al.,** )<br>)<br>          **Defendants.** ) | Case No. CIV-11-188-JHP-SPS |

### OPINION AND ORDER

This matter is before the Court on the Defendant Correction Corporation of America's Motion to Dismiss (Dkt. # 24) filed on September 9, 2011, and Defendant, Warden of Okmulgee County Jail's Motion to Dismiss (Dkt. # 27) and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The Court has before it for consideration plaintiff's complaint, the referenced motions filed by the defendants, plaintiff's responses, the parties' replies, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff has not responded to CCA's motion to dismiss. On December 6, 2011, Plaintiff filed a response to the Warden's motion to dismiss (Dkt. # 31). On December 19, 2011, Defendant Warden filed a reply (Dkt. # 32).

Plaintiff, a former inmate of the Okmulgee County Jail, who was in custody of the United States marshal, brought this action pursuant to 42 U.S.C. § 1983, seeking monetary damages and punitive damages in the amount of $1,000,000.00 each for alleged

constitutional violations during his incarceration in the Okmulgee County Criminal Justice Authority ("OCCJA" or "jail") in Okmulgee, Oklahoma. Plaintiff has named as defendants the CCA and the Warden of Okmulgee County Jail.[1] Plaintiff alleges that the jail houses federal prisoners through a contract with the U.S. Marshals, but that the facility is actually a "Correctional Corporation of America (CCA) facility." Plaintiff asserts on or about the last week of May, 2009, while he was incarcerated within the Okmulgee County Jail, he felt a lump in his lower abdominal area and he put in a request to see a nurse. Plaintiff claims several weeks went by without anything happening so he put in a second request to see the doctor. Approximately a week later, Plaintiff states that he was seen by the doctor and advised that he had a hernia. About a month later, Plaintiff alleges the pain grew more severe so he put in another request to see the doctor. At that time, Plaintiff claims the doctor told him he might have to have surgery but any decision regarding approval of surgery would have to be approved by the United States marshal. Plaintiff alleges a week later he demanded to be taken to medical and asked when he was going to have surgery, at which time, Plaintiff claims he was told because he was a high risk inmate he could not be taken out of the facility for the surgery. Once Plaintiff was sentenced and sent to a Bureau of Prisons facility, the surgery was finally performed. At that time, Plaintiff states he was told he had waited so long to have the surgery that one of his testicles would have to be removed. Thus, Plaintiff

---

[1] It should be noted that this Court does not know who the "Warden" of the Okmulgee County Jail is. Under Oklahoma law, the Sheriff has "charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." 19 O.S. § 513. Thus, the "Warden" could be the sheriff or the deputy in charge of the jail. It is interesting that counsel has filed a response on behalf of the "Warden" but does not otherwise identify who they are actually representing.

claims he was denied appropriate medical care "due to the deliberate indifference of the medical staff at Okmulgee CCA." Dkt. # 1, at p. 7. Plaintiff also alleges a state tort claim for negligence. *Id*., at p. 3.

## I. CCA Motion to Dismiss

On September 9, 2011, Corrections Corporation of America, Inc., hereinafter referred to as "CCA," filed their motion to dismiss and brief in support thereof. Attached to said motion is an affidavit from Cole Carter, Assistant General Counsel of Corrections Corporation of America, Inc. Mr. Carter indicates that "CCA does not now and has not ever operated or managed the Okmulgee County Jail, or any prison, jail, or detention facility located in Okmulgee County, Oklahoma." Dkt. 24-1, at p. 3. Plaintiff has not provided any facts to contradict this affidavit. Further, according to the Special Report, plaintiff was booked into the Okmulgee County Jail on March 12, 2009, by the US Marshal and a federal hold was placed upon him. Dkt. # 26-1. As a result, this Court finds CCA's Motion to Dismiss (Dkt. # 24) should be granted.

## II. Warden Motion to Dismiss

The unnamed "warden" asserts that plaintiff's claims should be dismissed for three reasons, to-wit: 1) failure to exhaust administrative remedies; 2) the Warden, Okmulgee County Jail, is not a proper party; and 3) failure to comply with the notice provisions of the Governmental Tort Claims Act.

Failure to exhaust administrative remedies

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies on every claim prior to filing a lawsuit under 42 U.S.C. § 1983. The exhaustion provision of the PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Supreme Court has held that "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006). If an administrative remedy is not available, then an inmate cannot be required to exhaust it. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). "To be 'available,' a remedy must be "capable of use for the accomplishment of a purpose." *Id.*, citing *Booth v. Churner*, 532 U.S. 731, 737, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Because failure to exhaust administrative remedies is an affirmative defense, the defendant has the burden of pleading and proving the defense. *Tuckel*, 660 F.3d, at 1254. In this case, the defendant asserts in his motion to dismiss that the "Plaintiff admits that he did not begin, let alone complete, any administrative procedure when he was confined in the Okmulgee County Jail." Dkt. # 27, at p. 2. The defendant does not, however, identify any particular administrative procedures or jail grievance procedures which would govern the plaintiff's claims. In his reply, the "warden" asserts that Plaintiff was required to follow jail grievance procedures during the year that he claims he received inadequate medical care; but

again, the "warden" does not provide this Court with any established grievance procedures for the Okmulgee County Jail. Furthermore, since the plaintiff did not learn the true extent of his claims until after he had been released from the Okmulgee County Jail, this Court finds that compliance with unidentified jail administrative procedures, at that point in time, would not have accomplished anything. Thus, the defendant has not met his burden of pleading and proving that there were available administrative remedies in place within the Okmulgee County Jail either while plaintiff was incarcerated therein or after plaintiff's release from the Okmulgee County Jail.

<u>Failure to name a proper party</u>

Next, the defendant asserts that the "Warden" is not a proper party under § 1983 because the plaintiff has not alleged any "personal participation" and, therefore, fails to state a claim for individual liability and has not sufficiently plead a basis for municipal liability. This Court finds that the "Warden" is not a proper party because, as previously indicated, under Oklahoma statutes the Sheriff or a deputy in charge of the jail would be the proper party. In this case, while the summons was issued to the "Warden Okmulgee Co Jail," it was executed by serving "Tommy Brown, Captain OCCJA."[2]

Personal participation is an essential element of a § 1983 claim. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1991). Because Plaintiff has failed to allege that the warden

---

[2]"OCCJA" appears to refer to the Okmulgee County Criminal Justice Authority. *See*, documents attached to the special report (Dkt. # 26).

or any other particular individual was personally responsible for denying him medical care, he has failed to state a claim for individual liability.

In order to state a claim against the warden in his official capacity, plaintiff would have to establish that the actions of the warden were taken either 1) pursuant to an official policy or custom, or 2) by an official with final policy making authority. Even construing plaintiff's complaint liberally, plaintiff has not made any such claims. There is simply no facts which would allow this Court to infer that any jail customs or policies prevented plaintiff from receiving medical care and, in fact, the special report indicates plaintiff clearly had access to medical personnel and medical treatment. Furthermore, nothing in plaintiff's complaint suggests that there was any pattern of violations similar to what plaintiff asserts occurred to him. As a result, this Court finds no basis for imposing liability upon Okmulgee County for actions by the Warden of the Okmulgee County Jail.[3] As a result, this Court finds plaintiff's § 1983 claims against the Warden in both an individual and official capacity should be dismissed.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (c) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987). After carefully reading the special report herein, this Court is

---

[3]This is true even if this Court liberally construed the term "warden" as used in plaintiff's complaint to be an action against the sheriff or deputy in charge of the jail.

convinced that plaintiff could not, if given an opportunity to amend, state a claim for deliberate indifference to serious medical needs. While the court recognizes plaintiff's medical condition was serious, nothing presented to this court, either in the special report or plaintiff's complaint, establishes that the custodian of the jail or his employees were deliberately indifferent to those needs. According to the special report, plaintiff was housed in the Okmulgee County Jail from approximately March 12, 2009 until March 4, 2010. During this period of time, a jail physician diagnosed plaintiff with a hernia and prescribed a truss which was provided to plaintiff. Clearly, the jail was treating plaintiff and was providing medical care. While plaintiff claims in his reply that the reason he declined an opportunity to see the doctor on November 9, 2009 had to do with a different problem related to medication he had been prescribed, the facts are undisputed that plaintiff was given an opportunity to see the jail physician and he declined to do so. *See*, Dkt. # 26-8, 26-9 and 26-10. If he was in severe discomfort as he claims, he could easily have seen the physician. Further, it should be noted that the medical records attached to plaintiff's complaint establish that even though he left the Okmulgee County Jail on March 4, 2010, he was not scheduled for surgery until June 16, 2010, over three months later. Dkt. # 1, at p. 9.

To establish a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297-299 (1991). *See also*, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has both an objective and subjective component. *Id*. The objective component requires proof that the

7

condition was "sufficiently serious." *Id*. To meet the objective component, "extreme deprivations are required . . . ." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The subjective component is met by a prison official who is deliberately indifferent to an inmate's health or safety. *Wilson v. Seiter*, 501 U.S. at 297. "[A]llegations of 'inadvertent failure to provide adequate medical care,' or of a 'negligent . . . diagnos[is],' simply fail to establish the requisite culpable state of mind." *Id.* (citations omitted) Claims of medical negligence due to a doctor's choice of therapy or disagreements in medical judgments are not actionable under § 1983. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). In other words, "a negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (citations omitted). "Medical records of sick calls, examinations, diagnoses and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

In this particular case, plaintiff has alleged no facts to establish that the "warden" of the Okmulgee County Jail did anything to prevent the medical staff from attending to plaintiff's medical needs. Rather, at best, plaintiff's complaint alleges claims of medical negligence. He admits he was seen by medical personnel on several occasions and, as previously indicated, the special report establishes plaintiff was provided access to medical personnel and medical treatment. Simply because medical personnel decided to treat plaintiff's condition in a conservative manner by providing him with a truss as opposed to surgery, is not actionable under § 1983. Therefore, this Court is convinced that plaintiff

8

could not, if given an opportunity to amend, state a claim for deliberate indifference to serious medical needs. Accordingly, plaintiff's civil rights claims should be dismissed, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Next, the warden argues plaintiff has not complied with the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA") and, therefore, any negligence claim must be dismissed. While the GTCA is the exclusive remedy, under Oklahoma law, by which an injured party can recover against a governmental entity for a tort claim, to the extent plaintiff's complaint could be construed as a medical malpractice action against some, as yet, unnamed jail personnel, this Court will decline to exercise continuing 'pendent' or supplemental jurisdiction over plaintiff's state claim. *Lancaster Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Accordingly, the Court declines jurisdiction over plaintiff's state law claim for medical malpractice.

## CONCLUSION

For the foregoing reasons, this Court finds the allegations in Plaintiff's Civil Rights Complaint fails to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), and this Court lacks subject matter jurisdiction under 42 U.S.C. § 1983. Additionally, since the federal claims are being dismissed without a trial, this Court finds the state claim should also be dismissed. *United Mine Workers of America v. Gibbs*, 388 U.S. 715, 726 (1966).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's Civil Right Complaint (Dkt. # 1) is hereby **dismissed** for failure to state a claim.

2. A separate judgment shall be entered in favor of the defendants and against plaintiff.

3. Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this  11th  day of June, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma